UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| JOSHUA J. VANBUREN | CIVIL ACTION NO. 17-1684 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| POLICE DEPT. CITY OF MONROE, ET AL. | MAG. JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Plaintiff Joshua J. VanBuren, a detainee at Ouachita Correctional Center proceeding pro se and in forma pauperis, filed the instant Complaint on December 28, 2017, under 42 U.S.C. § 1983. He names "West Monroe City Police Department" and Jody Ledoux[1] as Defendants.[2] For the following reasons, it is recommended that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### Background

Plaintiff alleges that, on May 19, 2014, Defendant Ledoux falsely arrested him, without an arrest warrant, for multiple drug-related charges. He alleges that the arrest did not result in a conviction, yet he spent "many months behind bars . . . ."

On April 19, 2018, the undersigned ordered Plaintiff to amend his Complaint and remedy certain deficiencies. Plaintiff filed an Amended Complaint on April 25, 2018. In his Amended Complaint, Plaintiff alleges, *inter alia*, that he "had a 72 hour bond hearing via video

---

[1] Plaintiff voluntarily dismissed his claims against Jason S. Kukal, Raymond M. Spoon, and Paul Blunschi.

[2] This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

conference" on September 8, 2014, that he was arraigned on September 25, 2014, and that he "had a preliminary examination in person" on November 9, 2015. He adds that the state court found no probable cause at the preliminary examination and that the prosecution eventually dismissed all charges.

Plaintiff seeks $500,000.00 in compensatory damages and $500,000.00 in punitive damages.

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a detainee who has been permitted to proceed in forma pauperis. As a detainee seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

**2. Statute of Limitations**

District courts are authorized to dismiss a claim as frivolous if "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute

of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period sua sponte. See *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for a Section 1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1984). Thus, Louisiana's one-year personal injury statute of limitations, under LA. CIV. CODE art 3492, applies here. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

However, the date of accrual for a Section 1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). The "statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). Detention "pursuant to such process" occurs, "for example, [when the alleged victim] is bound over by a magistrate *or arraigned* on charges." *Id.* at 389 (emphasis supplied).

Here, Plaintiff's false arrest claim accrued on the date he was arraigned: September 25, 2014. See *Villegas v. Galloway*, 2012 WL 45417 (5th Cir. 2012) (holding that "false imprisonment ends when the defendant is held pursuant to legal process, such as when he is arraigned or bound over by a magistrate."). Plaintiff, therefore, had one year from September 25, 2014, or until September 25, 2015, to file his false arrest claim. As Plaintiff did not file his claim until December 28, 2017, his claim should be dismissed as frivolous.

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Joshua J. VanBuren's Complaint be **DISMISSED WITH PREJUDICE** as frivolous.

**IT IS FURTHER RECOMMENDED** that Plaintiff's "Motion for Service," [doc. # 9], and "Motion for Continuance," [doc. # 28], be **DISMISSED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 30th day of April, 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE